IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 14 C 525 |
| | ) | |
| JAMES NDURIBE | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on James Nduribe's (Nduribe) *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Section 2255). For the reasons stated below, the Section 2255 motion is denied.

## BACKGROUND

On February 1, 2012, in case number 06 CR 682, Nduribe pled guilty to Count One of the indictment, which charged him with conspiracy to possess with intent to distribute and to distribute heroin. On April 11, 2012, Nduribe was sentenced to a total term of 116 months of imprisonment. Nduribe filed an appeal and on January 28, 2013, the Seventh Circuit affirmed the judgment. On January 22, 2014, Nduribe filed the instant Section 2255 motion. The Government opposes the instant motion.

## LEGAL STANDARD

Section 2255 provides that "[a] prisoner in custody under sentence of a court

established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The relief sought in a Section 2255 motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

## DISCUSSION

Nduribe argues that he received ineffective assistance of counsel at sentencing and on appeal: (1) because his counsel did not raise a rule of lenity argument (DE 3: 5-6), (2) because his counsel did not raise an *ex post facto* argument (DE 3: 8), and (3) because his counsel did not raise a rule of specialty objection (DE 3: 12). To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

I.  Rule of Lenity

Nduribe argues that his counsel at sentencing and on appeal should have presented a rule of lenity argument and that the "failure to address a possible Rule of Lenity violation should have been enough to trigger both the performance and

Prejudice Prongs of the Strickalnd [sic] Test for Ineffective Assistance of Counsel." (DE 8: 1). The rule of lenity provides that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *United States v. Holcomb*, 657 F.3d 445, 460 (7th Cir. 2011)(internal quotations omitted)(quoting *Skilling v. United States*, 130 S.Ct. 2896, 2932 (2010)). Nduribe argues that the decision not to present a rule of lenity argument, in regard to the obstruction of justice enhancement, applied to Nduribe's guidelines calculations at sentencing was "an ineffective trial strategy." (DE 3: 7). Nduribe states that he "believe[s] . . . there was an ambiguity" and that the "application notes seemed to provide a guidance" which would have helped his case. (DE 3: 8). However, Nduribe does not indicate that he is an attorney and the mere fact that he disagreed with the legal decisions by his counsel does not show that his counsel was ineffective. In assessing whether there was ineffective assistance of counsel, "courts must defer to any strategic decision the lawyer made that falls within the wide range of reasonable professional assistance . . ." *McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013)(internal quotations omitted)(quoting *Shaw v. Wilson*, 721 F.3d 908, 914 (7th Cir. 2013)); *United States v. Flores*, 739 F.3d 337, 340 (7th Cir. 2014) (stating that "counsel's strategic choices are presumed to be competent"). Nduribe has not shown that the obstruction of justice guidelines are ambiguous. Nor did the court indicate that there was any ambiguity in the application of the enhancement as to Nduribe. As to the application notes for the obstruction of justice enhancement, the court considered such application notes when making its sentencing determination. There was no valid

basis to present a rule of lenity argument. Nduribe's counsel at sentencing filed a thorough sentencing memorandum objecting to the obstruction of justice enhancement and presented arguments orally as well. The mere fact that the court ultimately found Nduribe's counsel's arguments not to be meritorious does not mean that Nduribe's counsel was ineffective. *McElvaney*, 735 F.3d at 532 (explaining that counsel may provide effective assistance of counsel "even if [a] strategy was ultimately unsuccessful"). Thus, Nduribe has not shown that his sentencing counsel was ineffective because he decided not to present a rule of lenity argument, or that his appellate counsel was ineffective because he did not raise the issue on appeal.

## II. *Ex Post Facto* Violation Argument

Nduribe argues that his counsel at sentencing and on appeal should have presented an *ex post facto* violation argument. When guidelines are amended after a defendant commits an offense and that amendment "provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense," the "retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation." *United States v. Stokes*, 726 F.3d 880, 898 (7th Cir. 2013)(internal quotations omitted)(quoting *Peugh v. United States*, 133 S.Ct. 2072 (2013)); *see also United States v. Vivit*, 214 F.3d 908, 919 (7th Cir. 2000)(stating that the *ex post facto* "clause was also intended to check governmental power by restraining arbitrary and potentially vindictive legislation" and that "[c]ritical to relief under the *Ex Post Facto*

4

Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated")(internal quotations omitted)(quoting *Weaver v. Graham*, 450 U.S. 24, 28-29 (1981)).  In the instant action, Nduribe has not pointed to any material amendments to the sentencing guidelines after he committed his crime.  Nor has Nduribe pointed to any material amendments to the sentencing guidelines since his sentencing.  To the extent that there may have been any amendments to the application notes of the obstruction of justice guidelines, such amendments merely clarified the guidelines and there has been no showing by Nduribe that any specific amendment created "new substantive law" that would raise *ex post facto* issues.  *United States v. Bailey*, 227 F.3d 792, 801 (7th Cir. 2000); *see also United States v. Thompson*, 944 F.2d 1331, 1347 (7th Cir. 1991)(citing *United States v. Caicedo*, 937 F.2d 1227, 1234 (7th Cir. 1991) for proposition that it is "proper to consider *ex post* revisions to guideline commentary that were intended merely to clarify, rather than to substantively change, the operation of the guideline").  The Government also correctly points out that there was sufficient Seventh Circuit precedent prior to the commission of the offense by Nduribe, and the conduct leading to the enhancement to give him notice that his actions would constitute obstruction of justice.  *See, e.g., Vivit*, 214 F.3d at 919 (explaining that for an *ex post facto* inquiry "the relevant inquiry becomes whether the . . . rules give the defendant fair notice at the time a crime is consummated that the commission of further crimes subject to [rules] would subject the defendant to sentencing under

5

revised Guidelines"). Thus, Nduribe has not shown that there was any meritorious *ex post facto* argument to be made at his sentencing or on appeal. The court also notes that even if the court had been presented with the current guidelines and application notes at Nduribe's sentencing hearing, Nduribe's sentence would have remained the same.

III. Rule of Specialty Objection

Nduribe argues that his counsel at sentencing and on appeal should have presented a rule of specialty objection. The rule of specialty provides that "a nation seeking return of a person under the terms of an extradition treaty may prosecute the extradited person only to the extent expressly authorized by the surrendering nation in the grant of extradition." *Stokes*, 726 F.3d at 887-88. Nduribe had fled to the Netherlands and was extradited back to this country to face the charges in this case and contends that the rule of specialty limited the prosecution of him in his criminal case. However, in regard to a rule of specialty objection, a defendant lacks "standing to challenge violations of international treaties in the absence of a protest by the sovereigns involved." *Matta-Ballesteros v. Henman*, 896 F.2d 255, 259 (7th Cir. 1990). In this case, Nduribe has presented no evidence of any protest from the Netherlands. Nor has Nduribe shown that any international treaty granted him any enforceable personal rights that would have impacted his sentencing in this case or that the rule of specialty was a valid objection that should have been made by his counsel. *See, e.g., Stokes*, 726 F.3d at 889 (addressing issue

of standing). Thus, Nduribe has not shown that his sentencing counsel was ineffective because he decided not to present a rule of specialty objection, or that his appellate counsel was ineffective because he did not raise the issue on appeal.

## CONCLUSION

Based on the foregoing analysis, the Section 2255 motion is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 6, 2014